IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Katrina M. Hych,  Case No. 3:14 CV 69

     Plaintiff,  ORDER DENYING BENEFITS

  -vs-  JUDGE JACK ZOUHARY

Commissioner of Social Security,

     Defendant.

### INTRODUCTION

Plaintiff Katrina Hych timely filed a Complaint (Doc. 1) against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny disability insurance benefits ("DIB") and supplemental social security income ("SSI"). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 15, 17 & 18), the Magistrate Judge recommended this Court affirm the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI (Doc. 19).

This matter is now before this Court on Plaintiff's Objection to the R&R (Doc. 20) and Defendant's Response (Doc. 21). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings. For the reasons below, this Court adopts the recommendation to deny the claim for benefits.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background which this Court adopts (Doc. 19 at 1–15). Briefly, Plaintiff was forty-six years old at the time of the hearing. At the time of her work injury, she was working part-time at an office cleaning job and full-time in a glass production factory (*id.* at 2). She is a high school graduate and completed a two-year associate degree in law enforcement (*id.*). Plaintiff claims DIB and SSI on the basis of cervical and lumbar injury, degenerative disc disease in cervical area, pain in both legs, fibromyalgia, vertigo, carpal tunnel syndrome, and mental health impairments.

## STANDARD OF REVIEW

In reviewing a denial of DIB or SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, the court cannot

overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

Plaintiff argues the ALJ failed to give proper weight to the opinion of treating psychologist Daniel Kuna who concluded that Plaintiff's "[u]nremitting, moderate, low back pain and resulting limitations have caused a major depressive episode. . . . This is directly and causally related to her industrial injury" (Tr. 505). The ALJ gave "little weight" to Dr. Kuna's opinion because it was "inconsistent with the medical record as a whole" (Tr. 30). Plaintiff argues the ALJ erred in crediting the opinions of Caroline Lewin, the State agency doctor, who concluded Plaintiff's depression was not a severe impairment. Dr. Lewin further found Plaintiff had mild restrictions in her activities of daily living, no difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. The ALJ gave Dr. Lewin's opinions "great weight as they are generally consistent with the medical record as a whole" (*id.*).

The ALJ properly considered the physicians' opinions and addressed the 20 C.F.R. § 404.1527(c)(2) factors in assigning weight among several medical sources. The ALJ considered Plaintiff's relationship with Dr. Kuna and cited the infrequent treatment as a reason not to afford Dr. Kuna's opinion more weight (Tr. 29–30, 605). This Court agrees with the conclusion in the R&R that Dr. Kuna's evaluation is "not indicative of an ongoing treatment relationship" (Doc. 19 at 25).

Even if Dr. Kuna were a treating physician, "'[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'" *Blakley,* 581 F.3d at 406 (quoting Soc. Sec. Rul. 96-2p,

3

1996 SSR LEXIS 9, 1996 WL 374188, at *2 (July 2, 1996)). The treating physician rule ensures an ALJ gives "good reasons" for according a treating physician's opinion less than controlling weight. 20 C.F.R. § 404.1527(c)(2). "Good reasons" include the ALJ's examination of the "nature and extent of the treatment relationship" and "supportability," according to which the "more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the Commissioner] will give that opinion." 20 C.F.R. § 404.1527(c)(2)(i) and (ii), (c)(3).

The ALJ provided "good reasons" for giving "little weight" to Dr. Kuna's opinion. In addition to the limited nature of Dr. Kuna's evaluation and treatment, the ALJ could further discount Dr. Kuna's assessment in view of his own treatment notes. Dr. Kuna diagnosed Plaintiff with a global assessment of functioning ("GAF") score of 55, indicating "moderate" restrictions in Plaintiff's daily living activities and in maintaining social functioning (Tr. 605, 608). Furthermore, Dr. Kuna's opinion as to Plaintiff's functioning was far more restrictive than opinions of Plaintiff's other physicians. That analysis goes to the "supportability" of Dr. Kuna's assessment.

Plaintiff objects to the implication in the R&R that Dr. Kuna's opinion was discounted because he did not prescribe Plaintiff medication (Doc. 20 at 2). However, the ALJ's analysis of Dr. Kuna's opinion did not consider that Dr. Kuna was a psychologist and not a psychiatrist, and therefore unable to prescribe medication. Rather, the ALJ considered that a treating physician at the University of Toledo Medical Center ("UTMC") first prescribed Plaintiff an anti-depressant in November 2009 (Tr. 29, 334), over a year before Dr. Kuna's evaluation, and that records from Harbor Behavioral indicate that Plaintiff had shown some improvement on the medications (Tr. 29, 561, 568, 573, 582).

4

The ALJ could properly give "great weight" to the findings of Dr. Lewin. The ALJ may give more weight to an opinion supported by a better explanation, and less weight to an opinion supported by weaker explanation. *See* 20 C.F.R. § 404.1527(d)(2)–(d)(3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Dr. Lewin's assessment is consistent with November 2009 UTMC records from a psychiatric consultation during which Plaintiff was diagnosed with a GAF score of 60–65, corresponding to mild symptoms or some difficulty in social, occupational, or school functioning, but "generally functioning pretty well" (Tr. 29, 339). Dr. Lewin's assessment is also supported by Harbor Behavioral records which do not suggest any limitations resulting from Plaintiff's depression (Tr. 578, 558–604).

Dr. Lewin's assessment is also consistent with Plaintiff's testimony that she was able to take care of her personal needs, make herself food, and complete housekeeping and laundry (Tr. 30). The ALJ found that Plaintiff's daily activities were not limited to the extent one would expect given her complaints, and that Plaintiff's description of the severity of her pain was "so extreme as to appear questionable." This Court owes that credibility finding deference. *See Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987).

## CONCLUSION

Plaintiff's Objection (Doc. 20) is rejected, and this Court adopts the R&R (Doc. 19). The claim for benefits is denied.

IT IS SO ORDERED.

                                                         s/ *Jack Zouhary*
                                                         JACK ZOUHARY
                                                         U. S. DISTRICT JUDGE

February 19, 2015